OPINION. Murdock, Judge: The petitioners bought and improved the property at No. 142 East End Avenue for the purpose of making it their permanent home. They have resided therein from 1928 until the present time, except for a period of 3 years during World War II when it was rented completely furnished to a friend for $500 a month with the understanding that it would be vacated whenever they wanted to reoccupy it as their home. The two other houses at Nos. 144 and 146 were not bought for the purpose of occupying them as a residence but were bought solely for the purpose of holding them for profit. The petitioners had some extra house furnishings and they rented the two 3-story houses furnished, semi-furnished, and unfurnished, the one at No. 144 until it was sold in 1946, and the one at No. 146 until October 1943. The petitioners’ income was much smaller in 1943 than it had been previously. Westmore was looking for profitable employment and the petitioners decided as a temporary measure to rent their home at No. 142 in order to receive income from that larger property while they occupied the smaller property at No. 146. They were away from New York from the middle of 1945 until May 1946, and, after the termination of the war, they decided to return to their permanent residence at No. 142 and to sell the other two properties, which they did. The Commissioner contends that the deduction for the loss should be denied because the petitioners were occupying No. 146 as a residence immediately prior to the^ale. The evidence shows, however, that No. 142 remained throughout their residence and No. 146, which they occupied only temporarily during a part of the war period, retained its character as a property in which they had invested for profit. The facts present a stronger case for the present petitioners than those in several prior decisions where deductions were allowed on the sale of houses once occupied as a residence by the seller. Helen Converse Thorpe, 3 B. T. A. 1006; Sidney W. Sinsheimer, 7 B. T. A. 1099; John N. Hughes, 8 B. T. A. 206; Henry J. Gordon, 12 B. T. A. 1191; W. W. Holloway, Administrator, 19 B. T. A. 378; Marjorie G. Randall, 27 B. T. A. 475. The petitioners are entitled to deduct the loss under section 23(e) (2). Decision will be entered under Rule 50.